IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT FOR MISSISSIPPI
DELTA DIVISION

MIKAA BURKS, ET AL                                      PLAINTIFFS

V.                                                                                 CIVIL ACTION NO.
                                                                                       2:08-CV-28-A-A
FULMER HELMETS, INC. AND
KIN YONG LUNG INDUSTRIAL CO.
LTD. A FOREIGN CORPORATION
ORGANIZED UNDER THE LAWS
OF TAIWAN                                                    DEFENDANTS

## ORDER

The plaintiffs seek permission from this court to allow subpoenas *duces tecum* to be issued from two foreign district courts[1] upon two non-party corporations outside this district, outside the state of Mississippi and outside a 100 mile radius of Clarksdale, Mississippi. Docket Nos. 43 & 45. Rule 45 of the Federal Rules of Civil Procedure governs discovery obtainable from a non-party through subpoena.

Under Rule 45, a subpoena may be issued by the clerk of court or an attorney who signs the subpoena as an officer of: (a) a court in which the attorney is authorized to practice; or (b) a court for a district where a deposition is to be taken or production is to be made, if the attorney is authorized to practice in the court where the action is pending. Rule 45(a)(3). "[W]hen the subpoena seeks a deposition or production in a distant district, the attorney may issue and sign on behalf of the district in which the subpoena will be operative as long as the attorney is admitted to practice in the district in which the action is pending." 9A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. 3d. § 2453. *See also In re Luhr Bros., Inc.*, 2007 WL

---

[1] The plaintiffs desire to issue subpoenas *duces tecum* from the Untied States District Court for the Western District of Texas and the United States District Court for the Southern District of California.

756588, *2 (E.D. La. 2007).

Plaintiffs' counsel does not need this court's permission to issue the subpoenas *duces tecum* as they themselves are authorized to issue the subpoenas from the respective foreign districts by Rule 45. As the requested subpoenas *duces tecum* are to be issued by districts other than this one, counsel does not need this court's authorization to issue the subpoena *duces tecum*. Therefore, the requests for authorization to issue subpoenas *duces tecum* in foreign district courts are moot.

Beyond that, however, a subpoena for production or inspection, if separate from a subpoena commanding a person's attendance must issue from the court for the district where the production or inspection is to be made. Rule 45(a)(2)(C) of the Fed.R.Civ.P. A federal court sitting in one jurisdiction cannot issue a subpoena *duces tecum* to a non-party for the production of documents located in or to be produced in another district. *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2F.3d 1397, 1406 (5th Cir. 1993). The issuing courts, in this instance the district courts in Texas and California, are the only courts which have the power to enforce, quash or modify the subpoenas *duces tecum*. *See generally* Rule 45(c) of the Fed.R.Civ.P.

Only those foreign district courts can issue the subpoenas d*uces tecum* because the documents are located within those districts. The foreign district courts, however, cannot compel the return of documents outside their respective jurisdictions as outlined in Rule 45. Therefore, as currently drafted[2] the subpoenas *duces tecum* are defective and subject to being quashed because they are issued from foreign district courts, but require the return of documents to either Madison, Mississippi or Clarksdale, Mississippi – both of which are located well

---

[2] Docket 43, pp.4-5 & Docket 45, pp 4-5.

2

outside either of those jurisdictions. Accordingly, it is

ORDERED

That the plaintiffs' motions to allow subpoenas to issue from a foreign jurisdiction [Docket nos. 43 and 45] are denied as MOOT.

This the 17th day of March, 2009.

<u>/s/ S. ALLAN ALEXANDER</u>
U.S. MAGISTRATE JUDGE